IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMMY A. HEENAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-0872-CV-W-ODS-SSA |
| | ) |
| MICHAEL J. ASTRUE,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING
DISABILITY INSURANCE BENEFITS</u>

Pending is Plaintiff's request for review of the Commissioner's final decision denying her application for benefits under Title II of the Social Security Act. For the following reasons, the Commissioner's decision is affirmed.

Plaintiff was born in August 1958, has a high school education, and has prior work experience as a travel agent. She filed an application for benefits in March 2002, alleging she became disabled on March 28, 2001, due to back and neck pain, anxiety, and a panic disorder. The ALJ concluded Plaintiff retained the residual functional capacity to lift up to twenty to twenty-five pounds occasionally and ten pounds frequently, needed to avoid lifting objects above shoulder level, and could sit more than six hours in an eight hour day. Based on the testimony of a vocational expert, the ALJ concluded Plaintiff could return to her past work as a travel agent.

Plaintiff's challenges to the ALJ's decision are quite narrow. She does not dispute the ALJ's credibility determinations or the degree of weight accorded to her treating physician's opinions. She does not argue substantial evidence in the record as a whole – as construed by the ALJ – is insufficient to support the final decision. Instead, she contends the ALJ misconstrued the opinions of three consulting physicians, and a

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and should, therefore, be substituted as the Defendant in this case. Fed. R. Civ. P. 25(d)(1).

proper construction of those opinions might have led to an award of benefits. Plaintiff does not contend there is any infirmity unrelated to the ALJ's misunderstanding of these opinions, so her entire case depends on the Court crediting this argument. Having reviewed the Record, the Court does not agree with Plaintiff and holds the ALJ fairly and accurately summarized the reports in question.

Plaintiff first points to the opinion of Dr. Elliot Franks, a consulting doctor. Dr. Franks completed a Medical Source Statement - Physical and indicated Plaintiff could stand or walk for less than two hours per day and sit for less than six hours a day. R. at 234-35. On the section of the form provided for indicating the "medical/clinical finding(s) [that] support" these conclusions, Dr. Franks wrote "Solely by [patient] history. No <u>objective</u> evidence of disability." R. at 235 (emphasis in original). In describing Dr. Franks' opinion, the ALJ wrote Dr. Franks "stated there was no objective evidence of a work related disability. . . . Dr. Franks completed a residual functional capacity assessment that indicates the claimant could perform less than the full range of light work." R. at 25. Plaintiff contends the ALJ's summary is incorrect because it suggests Dr. Franks found Plaintiff could perform sedentary work when he really found she could sit and stand for a total of less than eight hours per day. In reality, these were not Dr. Franks' findings. As his handwritten note on the Medical Source Statement indicates, these were the conclusions to be drawn from Plaintiff's medical history, which consists largely of documentation of her complaints. These complaints were discounted by the ALJ, and Plaintiff does not challenge the ALJ's decision in this regard. More importantly, Dr. Franks emphasized the absence of medical evidence to support these limitations. In reality, Dr. Franks' ultimate opinion is difficult to glean, and the best that can be said is what the ALJ said: Dr. Franks believes Plaintiff can perform less than the full range of light work, but how much less is far from clear. What is clear is Dr. Franks does not believe there is objective evidence to support Plaintiff's claims of disability.

Plaintiff next disputes the ALJ's characterization of a consultative exam she alleges was performed by Dr. Mark Greenfield. The ALJ describes the report he is summarizing as relating to an examination performed on June 16, 2004; the very next sentence identifies the examining physician as Dr. Franks. R. at 25. Dr. Greenfield saw

Plaintiff on October 9, 2001. R. at 167-68. Therefore, Plaintiff is incorrect when she describes the ALJ's summary as one relating to Dr. Greenfield, and any inconsistencies between the summary and Dr. Greenfield's report are of no moment.[2] In truth, Dr. Greenfield's report is briefly mentioned on the preceding page of the ALJ's opinion, wherein the ALJ wrote "An October 9, 2001 physical exam was normal except for brachial plexus tenderness bilaterally, mildly diminished strength in the upper extremities, cervical tenderness, limited range of motion in all planes of the cervical spine and a positive Spurling's test." R. at 24. This is entirely consistent with Dr. Greenfield's report.

Dr. Greenfield also opined Plaintiff suffers from cervical radiculopathy. An orthopedic surgeon testifying at the hearing disagreed, explaining the MRI did not reveal "involvement of any nerve roots, and there is no evidence of any stenosis. Accordingly, a radiculopathy cannot occur without nerve root involvement." R. at 246. This explanation was credited by the ALJ. R. at 22.

Finally, Plaintiff faults the ALJ's characterization of a psychological evaluation performed by Ronald Holzschuh, Ph.D. In the conclusion of his report, Dr. Holzschuh provided his "Diagnostic Impressions" that Plaintiff suffered from "Panic Disorder without Agoraphobia, in partial remission" and "Adjustment Disorder, depression in reaction to chronic pain disorder." R. at 184. The panic disorder is being treated with Zoloft and Xanax, R. at 182, and has not formed a part of her claim for benefits; in fact, Plaintiff "expressed puzzlement [about] being sent to a psychologist for a social security disability exam because her complaints are primarily with her chronic pain." R. at 183. The ALJ summarized Dr. Holzschuh's report as being "normal except for the claimant's overriding concern with somatic difficulties." R. at 26. The ALJ's summary expressly acknowledges the report of Plaintiff's depression and preoccupation with pain and is correct in that regard. The ALJ did not find this to be an overwhelming factor, undoubtedly because he did not fully credit her complaints of pain. Regardless,

---

[2] Keeping in mind Dr. Franks' statement about the lack of objective data to support Plaintiff's complaints, the passage fairly summarizes Dr. Franks' report.

3

Plaintiff's complaint is not about the lack of substantial evidence supporting the evidence, but rather about the ALJ's failure to properly characterize and acknowledge the evidence. To the contrary, the ALJ's summary on this matter is fair and accurate. The ALJ's summary does not mention Plaintiff's panic disorder, but this is of no consequence because (1) Dr. Holzschuh indicated it was being treated effectively and (2) Plaintiff did not raise it as a factor in her own disability claim; combined with Plaintiff's "puzzlement," the ALJ was justified in concluding Plaintiff's panic disorder does not limit her functional abilities.

     For these reasons, the Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED.

                                          /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, JUDGE
DATE: August 2, 2007              UNITED STATES DISTRICT COURT

4

Case 4:06-cv-00872-ODS   Document 14   Filed 08/02/07   Page 4 of 4